UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARIA C. MILLER,

                        Plaintiff,                        **MEMORANDUM & ORDER**

     -against-                                       24-CV-2834 (NRM)(JAM)

CAPITAL ONE BANK (USA) N.A., CAPITAL
ONE FINANCIAL CORPORATION and MEW
MEWS FASHION (MEWMEWS.COM),

                        Defendants.
-----------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

        Plaintiff Aria C. Miller filed this *pro se* action on April 15, 2024. (ECF No. 1.) Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 2) is hereby granted. For the reasons set forth below, the Complaint is dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

    **I. Background**

        The Complaint is filed on a form complaint for civil actions. (ECF No. 1.) In the space to provide a basis for the federal court's jurisdiction, Plaintiff checks the boxes for Federal Question and Diversity Jurisdiction and lists the "Fair Credit Billing Act" and New York's General Business Law. (*Id.* at 3.) She states that Defendant Capital One is incorporated in Delaware and has its principal place of business in Virginia. (*Id.* at 4.) She states that Defendant Mew Mews place of incorporation and principal place of business is "unknown." (*Id.*) In an addendum, Plaintiff includes the following factual allegations, which are assumed to be true for purposes of this Order.

        Plaintiff states that she has a credit card issued by Defendant Capital One Bank (USA) N.A. (*Id.* at 6.) On an unspecified date, Plaintiff used her Capital One credit card to purchase fashion items from an online retailer, Defendant Mew Mews Fashion (mewmews.com). (*Id.*)

"Because the items were delivered later than expected, [Plaintiff] requested a refund from the defendant, mewmew.com." (*Id.*) Mewmew.com agreed to refund the purchase and "made an attempt to refund the amount that was charged to [Plaintiff's] Capital One credit card." (*Id.* at 6-7.) However, Capital One did not process the refund and continues to list the charge on Plaintiff's credit card statement. (*Id.*)

Plaintiff requests a refund of the disputed charge in the amount of $399.80 and accrued interest charges, plus punitive damages of $75,000 or $100,000. (*Id.* at 4, 7.)

## II. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3).

There are two types of federal subject matter jurisdiction. To arise under federal question jurisdiction, the complaint must include a claim based on a federal law. *See* 28 U.S.C. § 1331. For a claim based on diversity jurisdiction, the plaintiff must show that plaintiff and defendants have complete diversity of citizenship, which means that all the defendants must live in a different state than the plaintiff. The plaintiff must also show that the claim for money damages, which is called the amount in controversy, is for more than $75,000. *See* 28 U.S.C. § 1332. The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff actually could get damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citations and internal quotation marks omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("with mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount.") (internal omissions and additions and citation omitted).

### III. Discussion

In this case, the Complaint does not establish the Court's subject matter jurisdiction over the dispute. Plaintiff cites 15 U.S.C. § 1601, which is part of the Fair Credit Reporting Act ("FCRA"). "[T]he FCRA is aimed at protecting consumers from inaccurate information in consumer reports and at the establishment of credit reporting procedures that utilize correct, relevant, and up-to-date information in a confidential and responsible manner." *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998). Different subsections of the FCRA impose specific duties on (1) "consumer reporting agencies," (2) "furnishers of information," and (3) "users of information." Some of these responsibilities are enforceable by consumers through a

private cause of action in federal court, and some provisions require the consumer to first attempt to resolve disputes with the reporting agencies.

The FCRA defines "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). A "furnisher of information" is a person or entity, such as a credit card company, that transmits information about consumers and their debts to credit reporting agencies. A "user of information" is a "person who uses a consumer report on any consumer in connection with any credit or insurance transaction" or takes adverse action on the basis of information contained in a consumer report. 15 U.S.C. § 1681m.

The FCRA prohibits a furnisher of information from providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The provision also imposes a duty on furnishers of information to correct inaccurate or incomplete information. 15 U.S.C. § 1681s-2(a)(2). However, this provision of the FCRA does not provide for a private cause of action — that is, it does not give a private citizen the right to sue — to enforce its provisions; rather, it relies exclusively on federal agencies and officials for enforcement. 15 U.S.C. § 1681s-2(d); *see also Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (finding no private cause of action for violations of § 1681s–2(a)). Another section of the FCRA has a separate requirement for furnishers of information to investigate and correct inaccurate information when a credit reporting agency notifies the furnisher of a dispute regarding the information. 15 U.S.C. § 1681s-2(b). This provision does allow consumers to pursue private claims against furnishers of information. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). However, this duty to investigate, and any liability for failure to do so, are both premised on the furnisher of

information receiving notice from the credit reporting agency, not the consumer. *Id.* (citing 15 U.S.C. § 1681s–2(b)(1)). The FCRA regulates the ways in which credit transactions and histories are reported. It does not specifically regulate the other ways in which creditors and borrowers interact.

In this case, Plaintiff has not alleged that Capital One Bank, a provider of credit and a possible "furnisher of information," has transmitted allegedly false information or provided any inaccurate information to a consumer reporting agency or been notified of a disputed debt by the credit reporting agencies. Plaintiff has not identified any other section of the FCRA or other provision of federal law that would allow her to bring suit under the FCRA against a credit card company which failed to process a refund. Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim under the FCRA.

Plaintiff has asserted the Court's diversity jurisdiction over unspecified provisions of New York's General Business Law. She states that she lives in New York, while Defendant Capital One's main office is in Virginia. However, Plaintiff has not identified where Mew Mews Fashions is located, so it is not clear whether the citizenship of the parties is completely diverse. Although Plaintiff seeks punitive damages of $100,000 or $75,000,[1] her actual damages appear to be limited to a refund of $399.80 and accrued interest charges. Given that she has not asserted any contractual or other legal remedy, identified any provision of New York's General Business Law that would

---

[1] Plaintiff appears to rely on punitive damages to meet the jurisdictional amount, but punitive damages will be considered with heightened scrutiny. *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law"); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("the Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwanza*, 125 F. App'x at 349)).

apply to her request for a refund, or specified any injury beyond the loss of $399.80 plus interest, the Court is not satisfied that it is "reasonably probable" that Plaintiff can recover more than $75,000 in connection with this claim.

However, "before determining that the amount in controversy requirement has not been met, "the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quotation marks, alterations, and citations omitted). Accordingly, the Court will give Plaintiff, if she chooses to do so, a chance to establish whether complete diversity of citizenship exists between Plaintiff and each Defendant and also to plausibly explain how her claim for a credit card refund in the amount of $399.80 plus interest here could permit an award of damages of more than $75,000. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks, citation, and alterations omitted)).

## CONCLUSION

For the reasons set forth above, the action is dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

If she chooses to do so, Plaintiff shall have 45 days from the date of this Memorandum and Order in which to file an amended complaint that asserts a basis for the Court's subject matter jurisdiction. Plaintiff is advised that the amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support her claims. The amended complaint must be captioned "Amended Complaint" and bear the same

docket number as this Memorandum and Order. If Plaintiff wishes to proceed under the Court's diversity jurisdiction, she must provide the citizenship for each Defendant and a factual basis for the amount that Plaintiff alleges is in controversy (i.e., the basis for her belief that the amount at stake is more than $75,000, not counting interest and costs of court). If she wishes to proceed against Defendant Mew Mews, she must identify the company's main office and provide an address.

If Plaintiff fails to comply with this order within the time allowed, the Court shall direct the Clerk of Court to enter judgment and close the case. All further proceedings shall be stayed for 45 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 269 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

/s/NRM
NINA R. MORRISON
United States District Judge

Dated: November 1, 2024
Brooklyn, New York